IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF GEO-LOCATION DATA AND/OR REAL TIME TRACKING DATA FOR THE TARGET TELEPHONE NUMBER AS DESCRIBED IN TFO BRANDON FITZGERALD'S AFFIDAVIT | Misc. No. 3:22-cr-01040 |

**APPLICATION FOR ORDER PURSUANT TO 18 U.S.C. 2705(b)
PRECLUDING NOTICE OF SEARCH WARRANT**

The United States, by and through its undersigned Assistant United States Attorney, hereby moves this Court to order Verizon Wireless ("the Provider") not to notify any person (including the account holder listed in the attached search warrant) of the existence of the attached search warrant until further order of the Court.

Verizon Wireless is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15). Pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703, the United States obtained the attached search warrant, which requires the providers to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." Id.

In this case, such an order would be appropriate because the warrant relates to an active criminal investigation as described in the Affidavit of Task Force Officer (TFO) Brandon Fitzgerald. There is reason to believe that notification of the existence of the attached warrant will reveal the existence and nature of the ongoing investigation, which would hinder and impede that investigation. Further, disclosure to the subscriber or account holder could cause the account holder to stop using his account, and would provide the account holder the opportunity to destroy

1

or tamper with evidence, change his patterns of behavior, intimidate cooperating and potential witnesses, and endanger the safety of law enforcement and other individuals. Further, the nature and circumstances of the investigation as detailed in the Affidavit of TFO Fitzgerald provides good cause to conclude that premature disclosure would likely give rise to the undue risks described above. *See* 18 U.S.C. § 2705(b).

## Relief Requested

Accordingly, the United States respectfully requests that the Court issue the proposed order, filed concurrently herewith, directing Verizon Wireless not to disclose the existence or content of the attached warrant until further order of the court or a period of one year after the entry of any order for non-disclosure, whichever comes first, except that the Provider may disclose the attached warrant and the Court's order to an attorney for the Provider for the purpose of receiving legal advice.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: *s/ E. Elizabeth Major*
Elizabeth Major (Fed. ID # 13746)
Assistant U.S. Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Telephone (803) 381-1057
ellen.major@usdoj.gov

October 24, 2022